IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                              CRIMINAL NO. 5:20-cr-00011-DCB-LGI-1

DAVID LANE ROBERTS                                          DEFENDANT

ORDER

THIS MATTER is before the Court on Defendant David Lane Robert's letter to the Clerk [ECF No. 31], in which he requests copies of: (1) his sentencing transcript from the hearing held before this Court on December 9, 2021; and (2) the "Sentencing Order for the same case." Id. The Court will construe this letter as a motion for copies. In the motion, Defendant asserts no legal or factual basis that entitles him to the relief sought. Indeed, Defendant offers no reason at all for wanting or needing the requested copies. After considering the motion and applicable law, the Court finds no basis for granting Defendant's request.

It is well-established under Fifth Circuit precedent that a prisoner has no right to obtain copies of court records on the grounds of indigency, to look for possible defects, or for

1

various other reasons.  E.g., United States v. Stewart, 37 F.3d 630 (5th Cir. 1994); Bennett v. United States, 437 F.2d 1210, 1211 (5th Cir. 1971); Blackshear v. Ambriz, No. CIV.A.C-08-117, 2008 WL 2736885, at *1 (S.D. Tex. June 18, 2008).  In considering a defendant's request for transcript copies, the Fifth Circuit held that:

> An indigent defendant has no constitutional right to acquire a copy of his transcripts or court records for use in a collateral proceeding. … However, 28 U.S.C. § 2250 states that a movant for a writ of habeas corpus is entitled to copies of court records without cost where he has been granted leave to proceed IFP and his federal habeas motion is pending before the court. … The records will not be provided where a movant contends that he needs them to formulate a claim or to review for facts that may support a potential habeas petition.

Walton v. Davis, 730 Fed. Appx. 233, 234 (5th Cir. 2018).  There is nothing in the record before this Court to demonstrate that Defendant has a pending habeas corpus petition or is entitled to copies for any reason.  Accordingly,

Defendant's Motion for Copies [ECF No. 31] is DENIED.

SO ORDERED this 7th day of October 2024.

                                                  /s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE